ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Case No. 1:24-cv-_____-_____

**PRESTON ADGER,**

      Plaintiff,

v.

**TERRAQUEST, INC.** and **DERRICK NEHRENBERG,** an individual,

      Defendants.

## COMPLAINT

### INTRODUCTION

1. Defendants' technology startup company did not pay Plaintiff Preston Adger for about six months' worth of his work when he worked for them as a software developer.

2. To challenge this and other wage law violations, Plaintiff brings this action, by and through his attorneys, against Defendants TerraQuest, Inc. and Derrick Nehrenberg, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Orders") and then the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 et seq. of the FLSA.

4. This Court also has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' startup business, located at 426 Belleview Ave., Crested Butte, CO 81224, and one or more of the Defendants named herein resides in this district.

## PARTIES

### Defendant TerraQuest, Inc.

6. Defendant TerraQuest, Inc. is a corporation doing business within Gunnison County, whose principal place of business is listed with the Colorado Department of State as 426 Belleview Ave., Crested Butte, CO 81224. Its registered agent is listed with the Colorado Department of State as Derrick Nehrenberg with an address of 812 Gothic Ave., Crested Butte, CO 81224, both with a mailing address of PO Box 994, Crested Butte, CO 81224.

7. TerraQuest, Inc., is listed in delinquent status with the Colorado Department of State.

8. At all relevant times, Defendant TerraQuest had annual gross revenues in excess of $500,000.

9. Defendant TerraQuest provided its software ("app") technology in furtherance of its business publicly online to individuals both within and outside of the state of Colorado. Further, Defendant TerraQuest advertised its services to the entire world on the internet at www.terraquest.com.

10. At all relevant times, Defendant TerraQuest was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Adger v. TerraQuest and Nehrenberg*
USDC, District of Colorado

Complaint
Page 2

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

206(a) and 207(a).

11. At all times material to this action, Defendant TerraQuest was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Derrick Nehrenberg**

12. Defendant Derrick Nehrenberg, an individual, resides at 812 Gothic Ave # 4A, Crested Butte, CO 81224-8704, in Gunnison County, upon information and belief. He is a Colorado resident.

13. Defendant Nehrenberg is, and was at all relevant times, the CEO of TerraQuest.

14. Defendant Nehrenberg was the founder of TerraQuest.

15. Defendant Nehrenberg has an ownership interest in and/or is a shareholder of TerraQuest.

16. At all times material to this action, Defendant Nehrenberg actively participated in the business of TerraQuest.

17. At all times material to this action, Defendant Nehrenberg exercised substantial control over the functions of the company's employees including Plaintiff. For example, he had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules. In fact, he did hire the plaintiff, set his rate of pay, determined when and whether to pay him, and directed his day to day activities.

18. At all times material to this action, Defendant Nehrenberg was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Preston Adger**

19. Plaintiff Preston Adger is a resident of Fort Collins, Colorado.

20. Plaintiff worked as a Software Developer for TerraQuest from May 1, 2019, to March 5, 2022.

21. In performing his work, Plaintiff regularly worked in interstate commerce. Specifically, he regularly and recurrently used the internet, email, and the phone in order to perform his duties. As a software developer he would regularly access and store information from online servers hosted in states outside of Colorado. He also regularly used "cloud based" software in conducting his various work tasks.

22. The non-payments at issue in this case were from months in 2021 through early March, 2022.

23. Shortly after Plaintiff, through counsel, issued Defendants a Colorado wage demand letter, Defendants signed a tolling agreement on November 22, 2022, stating in relevant part that "No statute of limitations or statute of repose on any claim under the FLSA or CWCA shall run against Employee and the same shall be tolled during the period of time while this Agreement is in effect" which was defined as being from November 21, 2022 through "fourteen (14) days after either party gives written notice of cancellation to the other" which occurred on July 26, 2024, making the end of tolling being August 9, 2024. Thus, the claims were told between November 22, 2022 and August 9, 2024, which is a period of almost two years.

24. At all times material to this action, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

25. Plaintiff's primary supervisor was Derrick Nehrenberg.

26. While in this position, Plaintiff's compensation arrangement with TerraQuest was that he was to be paid on a salary basis. His annual rate of pay was originally $65,000, but in July 2021 he received a raise to $90,000.

27. One time in 2020 Defendants let the Plaintiff know that they would not be able to pay him

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Adger v. TerraQuest and Nehrenberg*
USDC, District of Colorado

Complaint
Page 4

for a couple of months, but then did pay him back for those late payments. About three months later this happened again, but again he was eventually paid. Then it happened a third time; he was not paid for five months, but then was paid for two of those months, leaving a net balance of three months at his old salary rate, and then he was not paid for his final three months at his higher salary rate.

28. In all Plaintiff is owed $38,750.00 in unpaid wages ((($65,000/12) x 3 months)) + (($90,000/12) x 3 months)).

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

29. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure to Pay Minimum Wage*

30. Defendants failed to pay Plaintiff the minimum wage for all hours worked, in violation of the FLSA.

31. Specifically, Defendants did not pay Plaintiff at all, for approximately six months, thus Plaintiff received less than minimum wage for that period of time worked.

*Willful & Not Based on Good Faith & Entitlement to Damages*

32. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

33. At all relevant times, Defendants knew of the FLSA's requirements. In wholly failing to pay Plaintiff for an extended period of time, Defendants knowingly violated the mandates of the FLSA.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

34. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

35. As a result of the violations by Defendants of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid minimum wages, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:
COLORADO WAGE ACT VIOLATIONS**

36. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

37. The Defendants were Plaintiff's "employers" as that term is defined by the COMPS. 7 C.C.R. 1103-1(1.6).

38. Plaintiff was Defendants' "employee" as that term is defined by the Wage Orders / COMPS because he performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

*Failure to Pay Minimum Wage*
**(Violation of the C.R.S. § 8-6-101 *et seq*.; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

39. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

40. Specifically, as indicated above, Defendants did not pay Plaintiff at all, for approximately six months, thus Plaintiff received less than minimum wage for that period of time worked.

*Failure to Pay Wages When Due*
**(Violation of the C.R.S. § 8-6-103)**

41. The Defendants failed to pay Plaintiff all his earned wages for approximately six months of relevant work, when due.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Adger v. TerraQuest and Nehrenberg*
USDC, District of Colorado

Complaint
Page 6

42. Specifically, Defendants were to pay Plaintiff on a monthly basis, however as indicated above Plaintiff received no pay and as such was not paid when such wages were due.

*Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

43. Plaintiff has been separated from employment with Defendants.

44. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment.

*Failure to Pay Wages In Response to Wage Demand*
**(Violation of the C.R.S. § 8-6-109)**

45. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated October 28, 2022.

46. Plaintiff, through counsel, issued a second copy of his Demand for Payment of Wages dated November 20, 2023.

47. Plaintiff, through counsel, issued a third Demand for Payment of Wages dated December 8, 2023.

48. Defendant has not tendered any payment in response to these demands.

49. More than 14 days has elapsed since October 28, 2022.

50. Defendants' failure to pay Plaintiff's owed wages in response to the wage demand was willful.

51. Therefore, Defendant owes plaintiff statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

*Damages*

52. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, and underpaid minimum wages that are owed and appropriate penalties,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

### As And For A Third Cause of Action:
### CONVERSION/THEFT OF SERVICES

53. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

54. Pursuant to COMPS #36, § 8.4, failure to pay an employee less than the minimum wage and willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401.

55. By failing to pay the Plaintiff all of his wages or compensation, Defendants have committed theft of services.

56. Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiff for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA the CWCA;

(B) Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiff statutory damages as provided for the CWCA;

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Adger v. TerraQuest and Nehrenberg*
USDC, District of Colorado

Complaint
Page 8

(D)   Award Plaintiff interest;

(E)   Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(F)   Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **12th** day of **August, 2024.**

ANDERSONDODSON, P.C.

s/ *Penn Dodson*
**Penn A. Dodson**
penn@andersondodson.com
CO Bar Reg No. 54677
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 tel.

Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Adger v. TerraQuest and Nehrenberg*
USDC, District of Colorado

Complaint
Page 9